IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2181-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHARLES TODD STOKES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motions for discharge hearing (DE 100) and to seal documents filed in support thereof (DE 102), and petitioner's motion for discovery and authorization for expert examination (DE 105). The issues raised are ripe for ruling.

## BACKGROUND

On July 17, 2018, petitioner commenced the instant civil commitment proceedings by filing certificate of a sexually dangerous person as to respondent, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248. Following a bench trial, the court found respondent was a sexually dangerous person and committed him to the custody and care of the Attorney General. The commitment order was affirmed on direct appeal. Respondent has been confined at the Federal Correctional Institution in Butner, North Carolina since his commitment.

On November 21, 2022, respondent filed the instant motion for discharge hearing pursuant to 18 U.S.C. § 4247(h), supported by opinion of respondent's retained forensic examiner and respondent's risk management/relapse prevention plan. Respondent alleges he is no longer sexually dangerous to others and he therefore should be released unconditionally from civil

commitment. In the alternative, respondent alleges he would not be sexually dangerous if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment, pursuant to 18 U.S.C. § 4248(e)(2). Petitioner does not oppose respondent's request for a discharge hearing.

On December 12, 2022, petitioner filed the instant motion for discovery and authorization for expert to conduct examination of respondent. Petitioner requests that the court reopen discovery for 90 days and allow petitioner's retained expert to conduct an examination of respondent during the supplemental discovery period. Respondent did not respond to the motion for discovery.

## DISCUSSION

A. Motion for Discharge Hearing

The court begins with respondent's unopposed motion for discharge hearing. Pursuant to 18 U.S.C. § 4247(h),

> Counsel for [a person civilly committed under § 4248] may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

To secure a discharge hearing under § 4247(h), respondent must allege "sufficient factual matter, accepted as true, to state a claim for discharge that is plausible on its face." See United States v. Maclaren, 866 F.3d 212, 218 (4th Cir. 2017).

As noted, respondent relies upon report from his retained forensic examiner opining that respondent is no longer sexually dangerous to others, together with his relapse prevention plan. (DE 101, 103). Based on the examiner's findings, relapse prevention plan, and the facts alleged

in the motion, the court finds respondent has alleged sufficient facts to state a plausible claim for discharge. Accordingly, the motion for discharge hearing is granted. The court will schedule the hearing date in a forthcoming order in accordance with the discovery schedule and prehearing deadlines set forth below.

B.   Motion for Discovery

The court now turns to petitioner's motion for discovery and authorization for expert appointment/examination. The court "has wide latitude in controlling discovery and . . . [t]he latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." See Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986).

As noted above, respondent does not oppose petitioner's request to reopen discovery. Having reviewed and fully considered petitioner's motion, the court finds good cause to reopen discovery for a period of 90 days. Petitioner's unopposed requests for authorization to retain an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) and to allow the expert to conduct clinical interview of respondent also are granted.

## CONCLUSION

Based on the foregoing, respondent's motion for discharge hearing (DE 100) and petitioner's motion for discovery and authorization for expert examination (DE 105) are GRANTED. Respondent's motion to seal (DE 102) is GRANTED and the clerk is DIRECTED to maintain docket entry 101 under seal. The court sets the following prehearing schedule:

1)   The parties are allowed **90 days** from the date of this order to conduct any discovery allowed by the Federal Rules of Civil Procedure, including depositions or other authorized discovery through videoconferencing or other audio and/or visual means, with the exception that

3

(absent an order of the court), the parties shall limit any depositions to expert witnesses and respondent in accordance with Standing Order 13-SO-2.

2) Petitioner may retain an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) to conduct a psychiatric or psychological evaluation of respondent. Petitioner's retained expert is allowed to conduct an in-person or videoconference clinical interview of respondent. In the event petitioner retains such expert, the expert's report shall be filed with the court and served on respondent's counsel within **60 days** of entry of this order. The expert's report shall include the information prescribed by 18 U.S.C. § 4247(c), as well as the expert's curriculum vitae or other comparable documentation demonstrating the expert's qualifications.

3) In the event respondent retains an additional testifying expert, such expert's report and curriculum vitae/comparable documentation shall be filed by the same deadline and the report/examination are subject to the same parameters set forth in paragraph two.

4) If either party intends to present expert testimony from a witness who is not required to provide a written report, the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) are due **60 days** from entry of this order.

5) Motions to exclude testimony of any expert witness made pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed not later than **21 days** after the close of the supplemental discovery period. In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications. Motions to exclude Rule 26(a)(2)(C) experts on the basis that such

4

witness does not satisfy the standard for experts not required to provide a written report also must be filed **21 days** after the close of the supplemental discovery period.[1]

6) Not later than **14 days** after close of the supplemental discovery period, the parties shall file a joint notice of proposed discharge hearing dates signed by counsel. The notice shall provide at least three sets of dates, which should, to the extent practicable, be no later than **90 days** after the close of discovery, on which counsel, testifying experts, and all witnesses can be available for the hearing. The parties also should review the court's calendar, with benefit of discussion with the case manager, Stephane Mann, to avoid conflict with matters already set, to the extent possible.

7) Unless there is a pending motion to compel, the parties shall serve final prehearing disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) **21 days** before the discharge hearing, and objections **14 days** before the discharge hearing. The parties shall file a joint (or separate) final prehearing order(s) **seven days** before the discharge hearing. No final prehearing conference will be required unless the parties cannot agree on a final prehearing order or if otherwise ordered by the court.

8) The court dispenses with the requirement in Local Civil Rule 52.1 to file proposed findings of fact and conclusions of law.

---

[1] Given the court's specific directives expressed herein, allowance by the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity in this case to file motions to exclude testimony of expert witnesses, absent showing that issues raised in motions in limine could not have been raised at the time of deadline noted above. Relatedly, objections to expert witnesses pursuant to Fed. R. Evid. 702, 703, or 705, Daubert, Kumho Tire, or similar case law appearing for the first time in the proposed pretrial order and not made by motion to exclude on the schedule set forth above, are waived and will not be considered at the hearing absent extraordinary circumstances.

5

Case 5:18-hc-02181-FL   Document 107   Filed 01/17/23   Page 5 of 6

SO ORDERED, this the 17th day of January, 2023.

                                                           _____
                                                           LOUISE W. FLANAGAN
                                                           United States District Judge